UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-2324-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff was born in March 1982, has at least a high school education, and has worked as a child monitor. AR 1855. Plaintiff was last gainfully employed in 2020. AR 727.

On January 8, 2019, Plaintiff applied for benefits, alleging disability as of March 2, 2018. AR 709, 716. This claim was denied on the initial level on May 7, 2019, and there is no evidence Plaintiff appealed the initial determination. AR 619-20.

On September 16, 2020, she submitted new applications, alleging disability beginning August 12, 2020. AR 722. Plaintiff's second applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 115. After the ALJ conducted a hearing on January 17, 2023, the ALJ issued a decision finding Plaintiff not disabled. AR 115-26. The Appeals Council denied Plaintiff's request for review, AR 1915, and she appealed the final decision to this Court, AR 1922-24. On October 9, 2024, the district court remanded the decision for further administrative proceedings, with instructions to reevaluate the medical opinion evidence, Plaintiff's testimony, and the lay witness evidence. AR 1931-45. Subsequently, a new ALJ conducted a second hearing on January 10, 2025, again finding Plaintiff not disabled. AR 1843.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one**: Plaintiff has not engaged in substantial gainful activity since August 12, 2020.
>
> **Step two**: Plaintiff has the following severe impairments: Guillain-Barre syndrome; obesity; bulimia; anxiety; depression.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity**: Plaintiff can perform light work except: she can stand/walk in any combination for up to 6 hours; sit for up to 6 hours; occasional interaction with the public and coworkers with no tandem tasks; occasional changes in the workplace with no exposure to hazards; limited to the ability to understand, remember, and carry out simple routine tasks.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1843-57.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by violating the law of the case, misevaluating the medical opinions, misevaluating the lay witness evidence, and that remand for benefits is the appropriate remedy. The Commissioner concedes error, but argues the appropriate remedy is remand for further proceedings.

### A. Remand for Further Proceedings is the Appropriate Remedy

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F.3d 1090, 1100 (9th Cir. 2014).

In arguing that remand for benefits is the appropriate remedy, Plaintiff focuses on her argument that the ALJ violated the law of the case by repeating much of the same reasoning contained in the decision from the first ALJ. Dkt. 21 at 3-4. Plaintiff is correct that much of the

summary of medical evidence repeats the previous ALJ's decision. For example, in the ALJ's summary of the physical medical evidence, the only significant change is an expansion of the description of Plaintiff's travel activities and an additional paragraph explaining why the ALJ found that this evidence contradicts Plaintiff's testimony. *Compare* AR 120-22, *with* AR 1849-51. But this argument fails to address the three *Garrison* factors, and only provides the Court with further reasons the ALJ erred, which the Commissioner concedes. *See* Dkt. 20 at 1-3.

The Court finds further administrative proceedings required due to inconsistencies and ambiguities in the record that must be resolved by the ALJ as the finder of fact. *See Treichler*, 775 F.3d at 1101 ("Administrative proceedings are generally useful where . . . there is a need to resolve conflicts and ambiguities . . . ." (cleaned up)). For example, Plaintiff testified that she has migraine headaches bad enough that she needed to lay down in a dark room "[a]lmost every single day" and that, when she has a headache, she cannot go anywhere. AR 1877-79. But the record indicates Plaintiff went camping with her son, AR 1277 (On August 18, 2021, "she and son were heading out the door to go camping."), 1608 (On August 17, 2021, "Client . . . went camping over the weekend."), though she denies this, AR 143 ("We have not been camping"). The record also shows she lived in Spain for a summer, AR 1690, 1743, and, while there, "felt a lot better" and would take walks again, AR 143. Plaintiff testified that, while in Spain, suddenly her "symptoms came back really hard, and [she] had to rush back to the U.S." AR 144. She told her physical therapist that she completed "30 to 45 minutes of military style HIIT several days this week" and was able to push through the fatigue. AR 1828. An ALJ could reasonably find these activities contradicted Plaintiff's testimony of disabling impairments since 2020. *Cf. Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Further, the ALJ found the opinions of Mark Magdaleno, M.D., and Norman Staley, M.D., persuasive. AR 1853. These doctors opined that Plaintiff was capable of performing light work, though the ALJ found additional limitations based on Plaintiff's testimony. *Id.* These opinions are in conflict with opinions from Plaintiff's naturopathic providers who opined to more severe limitations. *See* AR 1854-55. The record indicates that her physical symptoms improved when compliant with treatment, AR 1340, and her testimony indicates that the only treatment she takes for her disabling migraine headaches is magnesium,[3] AR 1878, 1883-85. As there remain unresolved conflicts in the record, step two of the *Garrison* framework is not satisfied and remand for further proceedings is the appropriate remedy.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony, the medical opinion evidence, and the lay witness evidence.

Dated this 8th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

[3] The Ninth Circuit has held that a claimant's treatment solely with "homeopathic remedies and nonprescription pain medications" constituted "evidence of conservative treatment." *Hocevar v. Kijakazi*, No. 20-36069, 2021 WL 5917991, at *1 (9th Cir. Dec. 15, 2021) (holding that where Plaintiff testifies to "uncontrollable pain all over [her] body," Plaintiff's absence of conventional treatment constitutes a sufficient reason to discount her testimony).